**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 25 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

STEVE THORNTON,

    Plaintiff-Appellant,

v.

AL JALIL, NURSE ROSE, and LT.
MISCHIARA, individually and in their
official capacities,

    Defendants-Appellees.

No. 97-1222
(D.C. No. 97-D-106)
(D. Colo.)

ORDER AND JUDGMENT[*]

Before ANDERSON, HENRY, and BRISCOE, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Steve Thornton, a pro se inmate, appeals the district court's dismissal of his 42 U.S.C. § 1983 civil rights action for failure to exhaust administrative remedies. We exercise jurisdiction pursuant to 28 U.S.C. § 1291.

Thornton alleged defendant Al Jalil, a physician at the Fremont Correctional Facility, and defendant "Nurse Rose," also an employee at the Fremont Correctional Facility, violated his Eighth Amendment rights during the course of a surgical procedure. More specifically, he alleged that on June 14, 1995, they surgically removed a lump on his neck and, during the course of the operation, caused damage to his "trapeze" muscle, nerves, discs, and vertebrae. Thornton's amended complaint also included a separate unrelated charge of verbal abuse and excessive force against defendant Lt. Mischiara, an employee at the Limon Correctional Facility.

The district court issued a show cause order directing Thornton to demonstrate he had exhausted administrative remedies. Thornton filed a response and the court determined he had not exhausted administrative remedies and dismissed the entire action without prejudice.

We have reviewed the record on appeal and conclude the district court properly dismissed Thornton's claims against Mischiara without prejudice for failure to exhaust administrative remedies. As for the claims against Jalil and Rose, however, we conclude they should have been dismissed pursuant to 28

U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted under § 1983. Assuming the truth of Thornton's allegations, he has demonstrated only that Jalil and Rose were negligent in performing the June 14, 1995, surgical procedure, not that they were deliberately indifferent to his medical needs as required to demonstrate a violation of the Eighth Amendment. See Green v. Branson, 108 F.3d 1296, 1303 (10th Cir. 1997).

We AFFIRM the dismissal without prejudice of Thornton's claims against Mischiara, but REVERSE and REMAND his claims against Jalil and Rose with instructions to the district court to dismiss those claims with prejudice. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge